259 P.2d 249

**MURPHY et ux. v. LEIBER et al.**

No. 5647.

Supreme Court of Arizona.

July 13, 1953.

Rehearing Denied Sept. 22, 1953.

Shute & Elsing, Phoenix, for appellants.

Laney & Laney, Phoenix, for appellees.

PHELPS, Justice.

This is an appeal from a judgment of the superior court of Maricopa County in favor of the Leibers, defendants-appellees, and against the Murphys, plaintiffs–appellants, based upon the claim of the Murphys that the Leibers had charged them a rate of interest in excess of $8 per hundred upon a loan alleged to have been made by the Leibers to the Murphys. The parties will hereinafter be referred to as plaintiffs and defendants as they appeared in the trial court.

The facts are that in 1943 and prior thereto plaintiffs were the owners of, and held under lease from the state of Arizona, a large tract of land in Pinal County, a part of which was under cultivation. In 1941 plaintiffs mortgaged some 2,500 acres of this land to the Ohio National Life Insurance Company of Ohio, hereinafter called the insurance company, to secure a loan of $40,000 they had obtained from it. The plaintiffs held 1,440 acres of this land under a deed from the state of Arizona which the superior court of Pinal County in July, 1943, held to be void. This judg-ment rendered the security given the insurance company for the large loan unsafe and placed plaintiffs in a position where they could not meet the semi-annual payments of some $2,600 due the insurance company upon the principal of their mortgage indebtedness to it nor provide necessary funds to pay attorneys' fees, etc. Neither could they pay other pressing obligations including state and county taxes and the second mortgage due Dr. Harber or the Arizona Title Guarantee & Trust Company without an additional loan from some source.

In October, 1943, plaintiffs were brought in contact with defendant Henry F. Leiber who was lending money belonging to his son, Henry E. Leiber. After some negotiations defendant Henry F. Leiber agreed to lend plaintiffs $15,000 which was carried into execution in November by defendants turning the money over to the Arizona Title Guarantee & Trust Company for the use of plaintiffs, and receiving from plaintiffs their note in that amount and a second mortgage upon certain of the real property upon which the insurance company held a first mortgage.

Plaintiff Harold Murphy testified in the trial court that as a part of the transaction involving the $15,000 loan, defendant Leiber demanded that in addition to the rate of 6% provided for in the note and mortgage, he be given a deed to the east half of section 29 and later demanded that Murphy convey the entire section 29 as

a bonus for making said loan; that defendant had previously promised to make such loan and that relying thereupon he (Murphy) had commitments out which forced him to accede to the demands of Leiber. The east half of section 29 was at the time included in the mortgage to the insurance company. Murphy further testified that at the time the negotiations were pending for the $15,000 loan Leiber orally agreed to pay to the insurance company the sum of approximately $2,600, semi-annual payments, to be paid under the provisions of the note and mortgage to said insurance company for a period of five years. When asked by his counsel what was said about whether or not he was to repay Leiber for the advancements he was to make on the Ohio National loan, Murphy replied:

"We didn't talk too much about that because at the time this Bill James was going to make a million dollars down there and I was going to have so much money when I came back from the service, and we never talked about repaying, but we did say, of course, that if he did make any advancements, and at times he made me statements and charged me interest, and it was always understood that he was to be repaid at all times."

At that time there was a balance due the insurance company of approximately $32,000 and one semi-annual payment was considerably past due. A part of the $15,000 loan which was later consummated was used to make this payment. He was later asked by his counsel:

"Q. In your conversation with Mr. Leiber at any time was anything said about your only having to repay him in the event that you sold the ranch? A. There was never. We never talked about that. He just wanted his money every time he talked to me. He said if I didn't get the money, he was going to take the ranch over from start to finish.

"Q. And was anything in your conversation ever said about you only having to pay him out of the earnings of the ranch? A. Never."

Defendant Henry F. Leiber testified that as a separate oral agreement with plaintiff Murphy he assumed the payments on the semi-annual installments due the insurance company on its mortgage for a period of five years; that repayment to him of money expended in making such payments to the insurance company was to be made only in the event it could be paid out of the rents or out of salvaging a portion of the ranch, in the event the judgment of the Pinal County court was upheld by the supreme court. The judgment of the Pinal County court was affirmed by the supreme court. Murphy v. State, 65 Ariz. 338, 181 P.2d 336. Leiber further testified that in consideration of his making the payments of semi-annual installments to the insurance company, Murphy conveyed all of section 29 to him; that the agreement to

assume and pay the installments to the insurance company was entirely separate from the mortgage loan of $15,000 to plaintiffs. He denied that the conveyance of said section was in any way connected with such mortgage loan. He stated that Murphy in his conversation with him relative to the assumption of payment of said installments, stated:

" 'I have so much land there, if you want to gamble with me,' he says, 'and get these guys off of my neck, that I can save my land, and get the Ohio National payments made when they become due,' he says, 'you and I both can make some money.' "

Leiber said he would not have assumed the payments to the insurance company had plaintiffs refused to convey section 29 to him. He further stated that he knew nothing about any claims on the part of plaintiffs that he had charged usurious interest on his loan to them until they filed their claims in this cause of action in October, 1950, some seven years later.

Due to an increase in land values during the period defendants were making payments to the insurance company plaintiff was able to dispose of a portion of his ranch and protect the remainder of his holdings.

It is undisputed that Murphy rented section 29 from Leiber for a period of two or three years after conveying it to him and received a profit in its operations of $4,500 to $6,000; that the only consideration paid Leiber for rental therefor was the payment by Murphy of state and county taxes; that later during the year 1948 he purchased the land from Leiber for the sum of $12,000, paying a portion down and giving Leiber a mortgage thereon in the sum of $7,500, unpaid balance. Plaintiffs later sold said land at a profit and the purchaser assumed the $7,500 mortgage in favor of defendant.

The trial court made the following findings of fact:

"That the dealings between the parties which are involved in this litigation started as a contemplated loan of $15,000.00 to be made to the plaintiffs by the defendants; that Henry F. Leiber had orally agreed to make such a loan, but before this loan was consummated or the money turned over to the plaintiffs, Henry F. Leiber became aware of the litigation then pending between the State of Arizona and the Murphys, and the fact that the Ohio National Life Insurance Company, as holder of a mortgage covering certain of the Murphy lands, had good cause to be uneasy about the safety of its security; that that situation made it necessary for someone to take steps to avert the possibility that the Ohio National Life Insurance Company would foreclose its mortgage or take some other action thereon; that the $15,000.00 loan mentioned in the pleadings was made by the defendants to the plain-

tiffs, but there was a new and separate agreement made and entered into between the plaintiffs and the defendants whereby Henry F. Leiber guaranteed and agreed to pay, if necessary, the semi-annual installments falling due upon the Ohio National Life Insurance Company's mortgage, to the end of forestalling any such action by that company; that in consideration for such guarantee and agreement by Henry F. Leiber, the plaintiffs conveyed to the defendants Section 29 in Township 4 South, Range 4 East, Pinal County, Arizona, the east half of which was subject to the life insurance company's mortgage; that that conveyance was not in consideration of the making of the aforementioned $15,000.00 loan, but was in consideration of Henry F. Leiber's doing what appeared necessary to forestall foreclosure by said life insurance company of its mortgage or some other action thereon by that company; that the conveyance of said Section 29 to the defendants was made as consideration for the sale or loan by Henry F. Leiber of his credit and was done in furtherance of an understanding and agreement between the plaintiffs, the Arizona Title Guarantee & Trust Company and the defendants made for their mutual benefit; and that there was no intention on the part of the defendants, or any of them, in so taking conveyance of said Section 29, or in any of their dealings with the plaintiffs, to evade or violate the law relative to usury."

The court concluded as a matter of law that defendants had not exacted interest in excess of the rate allowed by statute and that they were entitled to judgment. Judgment was entered accordingly.

Appellants have presented two assignments of error: (1) the lower court erred in making a finding of fact that there was no usury because the defendants loaned "credit" rather than "money" to the plaintiffs and erred in granting judgment on such finding; (2) the lower court erred in holding that the defendants did not exact usury from the plaintiffs; erred in entering a judgment for the defendants, and erred in denying plaintiffs' motion for a new trial; for the facts, considering them in the light most favorable to the defendants, established every element constituting usury.

It will be observed that the trial court found upon sharply conflicting evidence that the mortgage loan of $15,000 by defendants to plaintiffs was made under an entirely separate contract from the oral agreement in which defendants guaranteed and agreed to pay, if necessary, the semi-annual installments falling due upon the Ohio National Life Insurance Company mortgage upon plaintiffs' property in order to forestall foreclosure proceedings or other action thereon; that the conveyance of section 29 by plaintiffs to defendants was not made in consideration of the loan

of said $15,000 by defendants to plaintiffs, but that said conveyance was made in consideration of defendant Henry F. Leiber doing what appeared necessary to forestall a foreclosure by said life insurance company of plaintiffs' mortgage, or other action thereon, to wit, by guaranteeing and agreeing to pay said semi-annual installments as they fell due under the terms of said note and mortgage.

The court further found as a fact that the latter transaction constituted a sale or loan of defendants' credit to plaintiffs and that it was done in furtherance of an understanding and agreement between plaintiffs, the Arizona Title Guarantee & Trust Company and the defendants, made for their mutual benefit, and that there was no intention on the part of defendants to evade or violate the usury laws of Arizona.

The decisions of this court are legion that the findings of a trial court upon conflicting evidence will not be disturbed if supported by substantial evidence. We have read and reread the transcript of the testimony and are of the view that the evidence amply supports the findings of the trial court. The fact is that the findings of the trial court leave nothing to be determined by this court except the fact of whether such findings are supported by substantial evidence. We stated above that they are amply supported thereby. The trial court having found as a fact that the conveyance of section 29 to defendants by plaintiffs was made in consideration of defendants lending their credit to plaintiffs, the conclusion of law that the transaction was not usurious is inescapable for the reason that usury laws have no application to a loan or sale of credit. 55 Am.Jur., Usury, Sec. 25; 104 A.L.R. 245.

Judgment affirmed.

STANFORD, C. J., and LA PRADE, UDALL and WINDES, JJ., concur.